**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4099**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANTONIO RASHAAD DOVINE,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:11-cr-00279-FL-1)

_____

Submitted: May 30, 2014         Decided: June 5, 2014

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Rashaad Dovine was convicted following a jury trial of one count of conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951 (2012) (Count One); five counts of Hobbs Act robbery, 18 U.S.C. §§ 2, 1951 (2012) (Counts Two, Four, Seven, Ten, and Twelve); one count of attempted Hobbs Act robbery, (Count Fourteen); six counts of use of a firearm during a crime of violence, 18 U.S.C. §§ 2, 924(c) (2012) (Counts Three, Five, Eight, Eleven, Thirteen, and Fifteen); and three counts of possession of a firearm by a felon, 18 U.S.C. § 922(g) (2012) (Counts Six, Nine, and Sixteen). The district court sentenced Dovine to 168 months' imprisonment on the conspiracy, robbery, and attempted robbery convictions, to run concurrently with each other; 120 months' imprisonment on the possession of a firearm by a felon convictions, to run concurrently with the other substantive offenses; a mandatory consecutive eighty-four months' imprisonment on Count Three; and mandatory consecutive 300 months' imprisonment on each of the remaining five § 924(c) convictions, resulting in a cumulative sentence of 1754 months' imprisonment. On appeal, Dovine contends that his sentence violates the Eighth Amendment's protection against cruel and unusual punishment and is procedurally and substantively unreasonable. We affirm.

2

Dovine first argues that his 1754-month sentence is grossly disproportionate to his crimes, considering the nature of the conduct, his age and background, and the sentences of his coconspirators. We review de novo challenges to sentences on Eighth Amendment grounds. United States v. Cobler, __ F.3d __, 2014 WL 1395695, at *2 (4th Cir. Apr. 11, 2014). We "first must determine that a 'threshold comparison' of the gravity of the offense and the severity of the sentence 'leads to an inference of gross disproportionality.'" Id. (quoting Graham v. Florida, 560 U.S. 48, 59-60 (2010)). If Dovine establishes this inference, we "then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." Graham, 560 U.S. at 60.

Congress mandates a minimum seven-year sentence for an initial conviction under 18 U.S.C. § 924(c)(1)(A)(ii), and a mandatory minimum sentence of twenty-five years for a second or subsequent § 924(c) conviction. 18 U.S.C. § 924(c)(1)(C)(i). Sentences imposed under § 924(c) cannot "run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). The district court appropriately imposed a seven-year sentence for

3

Dovine's first conviction (Count Three) and five consecutive twenty-five-year terms of imprisonment on Counts Five, Eight, Eleven, Thirteen, and Fifteen. The district court also imposed concurrent within-Guidelines sentences for the substantive offenses.

We conclude that Dovine fails to establish the threshold inference that his sentence is grossly disproportionate under the Eighth Amendment. "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991). Indeed, this court has held that stacked mandatory sentences under § 924(c) do not contravene the Constitution. See, e.g., United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006) (lengthy mandatory sentences imposed on defendants by "count-stacking" provisions of 18 U.S.C. § 924(c) did not constitute cruel and unusual punishment).

Moreover, a comparison of Dovine's combined sentence to the gravity of the offense fails to support his argument. Together with his coconspirators, Dovine robbed five separate establishments and attempted to rob a sixth during a three-week spree. The conspirators, armed with knives and firearms, used violence against three victims and held employees and customers at gunpoint to obtain money. Thus, although harsh, we conclude

4

that Dovine's 1754-month sentence is not grossly disproportionate to the offenses and therefore does not violate the Eighth Amendment.

Dovine also argues that his sentence is procedurally and substantively unreasonable. We review criminal sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we "must first ensure that the district court committed no significant procedural error," such as improperly calculating the advisory Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the chosen sentence. Id.

Dovine challenges the district court's explanation of its sentence. In sentencing a defendant, the district court must consider the statutory factors and "make an individualized assessment based on the facts presented." Id. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). While sparse, the district court's explanation indicated that it considered Dovine's background and mental health in addition to the offense conduct, which was the focus of its explanation. We conclude

5

that the district court's explanation was sufficient to facilitate our review, and therefore, we perceive no procedural error.

We assess a sentence's substantive reasonableness under the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We presume on appeal that a sentence within the Guidelines range is reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Dovine has failed to rebut the presumption of reasonableness attached to his sentences, which were at the bottom of the Guidelines ranges for the conspiracy, robberies, and attempted robbery. The district court found that the crime spree was very serious, noting that Dovine and his coconspirators brandished firearms and knives to demand money and used violence against patrons and employees. Moreover, the great majority of Dovine's sentence was statutorily required and is therefore per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). We thus conclude that Dovine has not rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the material before this court and argument will not aid in the decisional process.

<u>AFFIRMED</u>